Marina RADTCHENKOVA,* Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73806.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.**

Filed Oct. 23, 2006.

Marina Radtchenkova, Los Angeles, CA, pro se.

Alberto R. Gonzales, San Diego, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Petitioner is also known as Margaret Manukyan.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge, concurring in result.

### MEMORANDUM ***

Marina Radtchenkova, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Radtchenkova's testimony was inconsistent with her declaration regarding whether she gave her boss a copy of a cassette tape recording about a crime. *See id.* at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination). Furthermore, Radtchenkova's husband lived in the United States at the time of the hearing, yet she failed to present corroborative evidence from him regarding Armenian government officials' demands for the cassette tape, and the detention and beatings he and Radtchenkova allegedly suffered. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) (explaining that if the trier of fact does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In the absence of credible testimony, Radtchenkova failed to demonstrate eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**